Filed 1/9/14  P. v. Lee CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUSSELL ALLAN LEE,<br><br>        Defendant and Appellant. | A139176<br><br>(Lake County<br>Super. Ct. No. CR929840 &<br>CR932436) |

Russell Allan Lee (appellant) appeals from his no contest convictions and resulting sentence in criminal case No. CR929840 to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378), one count of possession of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and one count of possession of marijuana for sale (Health & Saf. Code, § 11359), enhanced by a finding that appellant had a prior admitted conviction for a felony drug charge (Health & Saf. Code, § 11370.2, subd. (c)), and his no contest plea to one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and one count of resisting arrest (Pen. Code, § 148, subd. (a)(1)) in criminal case No. CR932436.

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Ca1.3d 436.  Counsel's declaration states he has notified appellant that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right

1

personally to file a supplemental brief raising any issues he chooses to bring to this court's attention. No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by Penal Code section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea. A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea. Accordingly, we have reviewed the whole record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Ca1.4th 106, focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude that there is no arguable issue on appeal.

## PROCEDURAL AND MATERIAL FACTUAL
## BACKGROUND OF CASE

A seven-count information was filed by the Lake County District Attorney's Office on August 8, 2012, charging appellant with one count of possession of methamphetamine for sale (Count 1—Health & Saf. Code, § 11378), one count of possession of methamphetamine (Count 2—Health & Saf. Code, § 11379, subd. (a)), one count of cultivation of marijuana (Count 3—Health & Saf. Code, § 11358), one count of possession of marijuana for sale (Count 4—Health & Saf. Code, § 11359), a misdemeanor count of being in possession of tear gas after having been convicted of a prior felony (Count 5—Pen. Code, § 22810, subd. (a)), a misdemeanor count of being under the influence of methamphetamine (Count 6—Health & Saf. Code, § 11550, subd. (a)), and a misdemeanor count of being in possession of drug paraphernalia (Count 7—Health & Saf. Code, § 11364.1). As to Counts 1 and 2, the information also contained a special sentencing allegation charging that appellant had a prior drug conviction, within the meaning of Health and Safety Code section 11370.2, subdivision (c).

At the arraignment on the information, appellant pleaded not guilty to all of the charges and denied the special allegation.

2

On November 26, 2012, appellant changed his plea using a change of plea form by which he agreed to plead no contest to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378), one count of possession of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and one count of possession of marijuana for sale (Health & Saf. Code, § 11359).  He also agreed to admit the special allegation that he had a prior admitted conviction for a felony drug charge (Pen. Code, § 11370.2, subd. (c)).  He acknowledged in entering his plea that he otherwise faced a maximum sentence of eight years four months' confinement on all of the charges in criminal case No. CR929840.

The plea was accepted by the court on that same day in open court.  At that time, appellant was asked if he had any questions concerning the explanation of the rights he was waiving by entering the plea, and the consequences of that plea, as set forth on his change of plea form.  Appellant stated that he understood them and had no questions.  The plea was accepted and the matter set for sentencing on January 14, 2013.[1]

Sentencing actually took place in criminal case No. CR929840 on May 13, 2013.  At that time, probation was denied and appellant was sentenced to the upper term of four years for the conviction as to Count 2, and concurrent terms of three years each for the conviction as to Counts 1 and 4.  A consecutive term of three years' confinement was imposed for the admitted special allegation, for a total aggregate term of seven years.  Fines and penalties allowed by law were assessed and stated on the record, as was a calculation of custody credits.  Because appellant indicated that he had a pending medical appointment set for the following month, the court did not remand appellant immediately into custody, but instead ordered that he return to court on June 24 to begin serving his sentence.

In the meantime, three days later, on May 16, a new criminal complaint in case No. CR932436 was filed charging appellant with one count of possession of methamphetamine (Count 1—Health & Saf. Code, § 11377, subd. (a)), one

---

[1] All further dates are in the calendar year 2013, unless otherwise indicated.

misdemeanor count of possession of a controlled substance smoking device (Count 2—Health & Saf. Code, § 11364), and one misdemeanor count of resisting arrest (Count 3—Pen. Code, § 148, subd. (a)(1)). A special allegation was added that appellant committed the aforementioned offenses while he was on bail, within the meaning of Penal Code section 12022.1. At his arraignment, appellant entered a plea of not guilty, and the matter was scheduled for a preliminary hearing on June 3. The trial court remanded appellant into custody in case No. CR932436, pending reconsideration by the original sentencing judge of the decision to delay appellant's surrender date.

On May 21 appellant appeared before the original sentencing judge, who then remanded appellant into custody to begin serving the sentenced imposed in case No. CR929840.

On June 3, the date set for the preliminary hearing in case No. CR932436, appellant entered a change of plea in that case by which he pleaded no contest to one count of possession of methamphetamine (Count 1—Health & Saf. Code, § 11377, subd. (a)), and one misdemeanor count of resisting arrest (Count 3—Pen. Code, § 148, subd. (a)(1)). It was agreed as part of the plea disposition that an additional eight months' confinement would be added to the seven years imposed in case No. CR929840. The plea was accepted by the court and appellant was asked if he understood the explanation of the rights he was waiving by entering the plea, and the consequences of that plea, as set forth on his change of plea form. Appellant stated that he understood them.

**CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW**

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We conclude that appellant's convictions and admissions as to the enhancements were supported by substantial evidence, and were duly accepted upon a knowing and voluntary waive of rights by appellant, including an acknowledgment of the consequences of entering the pleas.

4

We also discern no error in the sentencing.  The refusal to grant probation and the sentencing choices made by the trial court were consistent with applicable law, supported by substantial evidence, and were well within the discretion of the trial court.  The restitution fines and penalties imposed were supported by the law and facts. At all times appellant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

                                                    _____
                                                    RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
RIVERA, J.